1. The court did not err in overruling the plaintiff's demurrer to the amendment to the answer filed by some of the individual defendants.
2. It being shown by the evidence that the "Union Alumni-ae Association" was an unincorporated and unregistered society, the court did not err in ruling that it was not a legal entity capable of being sued.
3. The evidence showing that the individual defendants, in whose favor a nonsuit was granted, did not sign the note sued on or authorize any one to sign as agent for them in the name of the society of which they were members, the grant of a nonsuit in their favor was not error.
4. Under the evidence the jury was authorized to find that, although the note sued on was purchased by the plaintiff with his own funds, it was transferred by the seller to and accepted by the plaintiff as being the property of the estate of which he was the administrator, and accordingly to find that he was not entitled to maintain the suit on the note in his individual capacity, and to return a verdict in favor of the defendants against whom the case proceeded.
Judgment affirmed. Stephens, P. J., concurs. Felton, J., concurs specially.
 DECIDED JULY 16, 1941.
 STATEMENT OF FACTS BY SUTTON, J.
Fred Hill, as administrator of the estate of Cora B. Jones, deceased, brought suit against Lula Henry, C. H. S. Lyons, and others, alleged to be members of "Union Alumni-ae Association," on a promissory note for $275 and interest, dated May 22, 1929, due on demand, in favor of Kittie Barnett, signed "Union Alumni-ae Association," and also signed by Cora B. Jones, L. M. Henry, and *Page 375 
C. H. S. Lyons. It was alleged that the individuals signed the note for the purpose of better securing the same, and that Kittie Barnett transferred, assigned, and delivered the note to the plaintiff, that he was the legal owner and holder thereof, that it was past due, and that the defendants, though often requested to pay the same, had failed and refused to do so. Henry and Lyons filed an answer, admitting that they signed the note as sureties, but denied liability as members of the association, and alleged that Cora B. Jones executed and delivered the note to Kittie Barnett for $275 which was then and there in her possession, and that they signed it to better secure its payment in case Cora B. Jones did not pay it. They alleged that when Hill acquired possession of the note as administrator of the estate of Cora B. Jones he thereby extinguished the debt. Thirteen of the other named defendants denied liability on the ground that they did not sign the note and did not authorize any one to sign it, and they also set up a defense as to extinguishment of the debt for the reasons pleaded by Henry and Lyons aforementioned. Eight of the other defendants did not answer and two were not served. By amendment the words "as administrator of the estate of Cora B. Jones, deceased," after the name of the plaintiff, were stricken by him, and the suit proceeded in his individual capacity.
The evidence disclosed that Cora B. Jones, as agent for Kittie Barnett, sold certain of her realty for $275, and that Cora B. Jones turned this money over to C. H. S. Lyons, president of a school in which the "Alumni-ae Association," an unincorporated and unregistered organization or society, was interested and which was being aided by it in certain respects. It appears that Kittie Barnett had made a will, devising this property to the association, but had married, and that the proceeds of the realty were used by the society or association in the place of the realty, and it was testified by Lyons that the note was signed because it was thought that Kittie Barnett would treat the $275 as a gift to the association, and that when it was turned over to him by Cora B. Jones it was used exclusively for school purposes. He testified that he had no authority from the society to sign its name to the note, but that he did so at the request of Cora B. Jones. It is inferable that the note was delivered to Kittie Barnett, because it was subsequently forwarded from Jacksonville, Florida, to which she had removed, *Page 376 
by her attorney to a firm of attorneys in Athens, Georgia, for the purpose of collection. The plaintiff, who had become administrator of the estate of Cora B. Jones who had in the meantime died, was called upon to pay the note and interest, which then amounted to approximately $495. Hill agreed to pay, and did pay, $200 or $225 in settlement of the note, and it was turned over to him after a transfer had been written on the back of the note in the office of the Athens attorneys in the following words: "Pay to the order of Fred Hill, as administrator of Cora B. Jones, without recourse on me." This transfer bore the purported signature of Kittie Barnett Taylor. It appears that Kittie Barnett had married one Taylor and was living in Jacksonville, Florida; that the note, after the payment by Hill, had been sent to Jacksonville and was returned to the Athens attorneys by her Jacksonville attorney with the transfer signed as stated. A member of the Athens firm of lawyers testified that such Jacksonville lawyer was a reputable one, and that for that reason he believed the purported signature of Kittie Barnett Taylor was genuine, and there was other testimony as to the signature being that of Kittie Barnett Taylor. Fred Hill asserted title to the note in his individual right. He introduced in evidence canceled checks showing that he paid the Athens attorneys the sum of $200, and testified that he also paid $25 but could not find the canceled check for this amount. The first check given the attorneys in Athens was signed "Fred Hill, admr. Cora Jones," but the descriptive words had been stricken or "scratched out," and as to this a member of the Athens firm of attorneys testified that he could not recall whether or not the words had been stricken at the time he received the check. Hill claimed that the money paid for the note came from his own personal funds, that the estate of Cora B. Jones had been exhausted, and the ledger sheets of the bank on which the checks were drawn showed that the account against which they were charged was the individual account of Hill.
During the progress of the trial the court ruled that the society, being an unincorporated and unregistered organization, was not subject to suit as a party defendant, that the defendants other than Lyons and Henry were not liable on the note, and as to them directed a nonsuit against the plaintiff. In his charge to the jury the court instructed that the jury first determine whether the note belonged to Hill as an individual or to the estate which he represented; *Page 377 
that if it belonged to the estate he could not maintain the suit, but that if he personally bought the note and had it transferred to him as his own property he had the right to bring the present suit against Henry and Lyons. The jury returned a verdict in favor of the defendants. The plaintiff filed a motion for new trial, and by amendment added several special grounds complaining of certain portions of the charge of the court. The court overruled the motion. In the bill of exceptions error is assigned on the judgment overruling the motion for new trial and on exceptions pendente lite containing grounds excepting to the overruling of the plaintiff's demurrer to certain portions of an amendment filed by Henry and Lyons and other defendants and to the grant of the nonsuit above mentioned.